## Rhey *et al. versus* Baird.

1. On appeal from the judgment of a justice, a recognisance in these words, "Adam Beamer goes security in the sum of fifty dollars for the prosecution of this suit to effect," *held* to be sufficient.

2. A recognisance before a justice, although informal, is sufficient, if it undertakes that the appellant shall prosecute his appeal with such effect as that *no* costs shall be recoverable by the appellee.

3. Entries upon justices' dockets are to be construed liberally, especially in favour of those seeking a trial by jury.

4. The right of appeal is a statutory right, given in furtherance of rights guarantied by the Constitution; it is favored, and not allowed to be encumbered by adherence to forms.

ERROR to the Court of Common Pleas of *Westmoreland county.*

A judgment was rendered by a justice of the peace in favour of Benjamin Baird, the plaintiff below, and defendant in error, against Susan F. Rhey and Mary E. Rhey, the defendants below, and plaintiffs in error, for $50 and costs.

An appeal was taken from the judgment in due time, and recognisance entered into. The entry on the justice's docket was: "March 28th 1864. The defendants appear by their agent, George Rhey, and take an appeal; and Adam Beamer goes security in the sum of fifty dollars for the prosecution of this suit to effect."

In the Common Pleas a rule was granted to show cause why the appeal "should not be quashed on the ground that the recognisance was not according to law."

August 1st 1864, a rule was granted "on defendants to perfect the recognisance on or before the first day of next term, or the appeal will be quashed." October 20th 1865, appeal was quashed by the court because insufficient under the Act of March 20th 1845.

The case was removed to this court by defendants, who assigned for error the order quashing the appeal.

The name of attorney for plaintiff in error does not appear on the paper-book.

For plaintiff in error it was argued that the recognisance was a substantial compliance with the act: Murray *v.* Haslett, 7 Harris 356 ; Harvey *v.* Beach, 2 Wright 500.

*Laird,* for defendant in error.

The opinion of the court was delivered, November 9th 1865, by

STRONG, J.—Were it an open question, it might well be doubted whether the recognisance taken by the magistrate was such as entitled the defendants to an appeal. Its condition was for the prosecution of this suit to effect.

[Rhey *v.* Baird.]

The Act of March 20th 1845 enacts that the bail in cases of appeal from the judgments of aldermen and justices of the peace shall be bail absolute, conditioned for the payment of all costs accrued, or that may be legally recovered in such cases against the appellants.

In form the recognisance taken in this case is not in accordance with the requirement of the Act of Assembly. That, however, is immaterial, if the legal effect is all that is required. The recognisance does not bind the surety to more than the statute demands, and it is not, therefore, void for excessive stringency; but does it give the appellees all the security to which they are entitled under the law? There is no warrant for supplying conditions. The condition is expressed. It is to prosecute the suit to effect. It has been argued that partial success of the appellants would be a compliance with the condition, for by such success the appeal would become effective, and the argument has weight. But in Murray *v.* Haslett, 7 Harris 356, it was decided that a recognisance taken on an appeal from the judgment of a magistrate, with a condition expressed that the appellant should appear at the next court of Common Pleas to prosecute his appeal with effect, was sufficient, even under the Act of 20th March 1845. The doctrine held in that case is substantially the same as that for which the appellants contend here. It regards the cognisor as having by his cognisance in a specified sum undertaken to pay all costs accrued, or that may be legally recovered, and stipulating for relief only in case the appellant shall prosecute his appeal with such effect that no costs shall be recoverable by the appellee. In other words, the appeal is not prosecuted with effect within the meaning of the condition, if it do not result in discharging the appellant from all liability for costs. It must be conceded that this is a very liberal construction of the language used in the recognisance. But it has always been the policy of this court to construe the entries upon the dockets of justices of the peace very liberally, and especially in favour of a party seeking an appeal and a jury trial. Upon the authority of Murray *v.* Haslett, therefore, we hold the bail given in this case sufficient to entitle the appellants to their appeal.

And if it was, the court erred in striking off the appeal. It is only when the recognisance given is bad; when it does not give to the appellee the security which the law affords him, that the appellant can be compelled by rule to perfect it. The right to appeal is favoured, and it has never been allowed to be encumbered by adherence to forms. Moreover, it is a statutory right given in furtherance of the rights guarantied by the constitution.

If it be said that the meaning of the recognisance was uncertain, and that the appellees had a right to have it defined, it may be answered that the appellants had also a right to their appeal

[Rhey *v.* Baird.]

on complying in substance, not in form, with the requirements of the Act of Assembly.

Courts may enforce rules of pleading, and may compel adherence to forms in that respect; but they cannot deny a right given by positive statutory enactment, when the substance of the facts upon which the right depends exists, and only the form is wanting.

> The judgment of the court, dismissing the appeal, is reversed; the appeal is directed to be reinstated, and a *procedendo* is awarded.